NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| OMAR SHEPPERSON, | : | **CIV. NO. 19-19305 (RMB)** |
| Plaintiff | : | |
| v. | : | **OPINION** |
| NEW JERSEY DEP'T OF CORR., *et al.*, | : | |
| Defendants | : | |

**BUMB, DISTRICT JUDGE**

Plaintiff Omar Shepperson, a prisoner confined in South Woods State Prison, brings this civil rights action under 42 U.S.C. § 1983. (Compl., ECF No. 1.) He has established his financial eligibility to proceed in forma pauperis. (IFP App., ECF No. 1-1.)

When a prisoner brings a civil action *in forma pauperis* regarding prison conditions and/or seeks redress from a governmental entity, officer or employee of a governmental entity, 28 U.S.C. §§ 1915(e)(2)(b), 1915A(b) and 42 U.S.C. § 1997e(c)(1) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. For the reasons discussed below, Plaintiff's complaint may proceed against

Sergeant E. Hernandez and John Does #1-5 in their individual capacities, but the claims against Marcus Hicks and Logan are denied without prejudice; and the claim against the New Jersey Department of Corrections and the defendants in their official capacities are dismissed with prejudice.

I. Sua Sponte Dismissal

Courts must liberally construe pleadings that are filed pro se. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a pro se complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). "Court personnel reviewing pro se pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

2

claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

    A.    The Complaint

Plaintiff alleges the following facts, accepted as true for purposes of reviewing the complaint. (Compl., ECF No. 1.) On April

3

15, 2018, Plaintiff was confined in Northern State Prison.[1] Sergeant E. Hernandez shoved Plaintiff and began verbally berating him. An emergency code was called and John Doe #1 pepper sprayed and physically assaulted Plaintiff. Sergeant E. Hernandez then slammed Plaintiff on the ground. Plaintiff was handcuffed and removed from the area.

Upon entering the sally port, Plaintiff was jumped and physically assaulted by John Does #2-5. Upon information and belief, John Does #4 and 5 are the sons of Sergeant E. Hernandez. John Does #4 and 5 continued to physically abuse Plaintiff in a secluded location while Plaintiff was restrained. After Plaintiff received outside medical attention, he was placed in solitary confinement in the infirmary. On April 17, 2018, he was transported to East Jersey State Prison. Plaintiff asserts Sergeant E. Hernandez and John Does #1-5 used excessive force against him, in violation of the Eighth Amendment. Plaintiff also named as defendants the New Jersey Department of Corrections, Marcus Hicks, Commissioner of the New Jersey Department of Corrections, and Administrator Logan of Northern State Prison.

---

[1] The Court assumes Plaintiff was confined in Northern State Prison at the time of the alleged excessive force because he named "Logan," Administrator of Northern State Prison as a defendant. (Compl., ¶5, ECF No. 1.)

B. Claims Under 42 U.S.C. § 1983

A plaintiff may assert a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation was caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

1. Eleventh Amendment Immunity

Eleventh Amendment immunity protects a State and entities that are arms of the state from suits for damages under 42 U.S.C. § 1983. Edelman v. Jordan, 415 U.S. 651 (1974). The New Jersey Department of Corrections is an arm of the state that is immune from suit for damages under § 1983. Fox v. Bayside State Prison, 726 F. App'x 865, 867-68 (3d Cir. 2018). Either Congress or a state

may waive a state's Eleventh Amendment immunity. Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 694 (3d Cir. 1996). Congress did not abrogate sovereign immunity in enacting § 1983. Quern v. Jordan, 440 U.S. 332, 339-46 (1979). New Jersey has not waived its sovereign immunity for §1983 claims. Balsam v. Secretary of New Jersey, 607 F. App'x 177, (3d Cir. 2015). Therefore, Plaintiff's § 1983 claim against the New Jersey Department of Corrections is dismissed with prejudice.

The Eleventh Amendment also protects state officials sued in their official capacities from a suit for damages under § 1983 because such a suit is really a suit against the official's office, which is no different from a suit against a State. See Will v. Michigan, 491 U.S. 58, 71 (1989). Therefore, Plaintiff's § 1983 claims against Sergeant E. Hernandez, John Does #1-5, Marcus Hicks and Logan in their official capacities are dismissed with prejudice.

### 2. Supervisory Liability for Excessive Force

The only allegation in the complaint against Marcus Hicks is that he is the Commissioner of the New Jersey Department of Corrections who is responsible for the operations of the Department of Corrections and every institution in its jurisdiction. (Compl., ¶4, ECF No. 1.) Likewise, Plaintiff alleges Logan (first name unknown) is the Administrator of Northern State Prison,

responsible for the welfare of the inmates therein. (Compl., ¶5, ECF No. 1.) Supervisors are not liable under § 1983 for the unconstitutional conduct of their subordinates. Iqbal, 556 U.S. at 676.

In the Third Circuit, a supervisor may be liable under Section 1983 for his or her own misconduct. Barkes v. First Correctional Medical, Inc., 766 F.3d 307, 319-20 (3d Cir. 2015) rev'd on other grounds by Taylor v. Barkes, 135 S. Ct. 2042 (2015). Thus, to state a § 1983 claim against a supervisor, a plaintiff must plead facts showing one of the following: (1) a supervisor "established and maintained a policy, practice or custom which directly caused [the] constitutional harm," or (2) a supervisor "participated in violating plaintiff's rights, directed others to violate them, or, as the person[s] in charge, had knowledge of and acquiesced in [their] subordinates' violations." Santiago v. Warminster Twp., 629 F.3d 121, 129 n. 5 (3d Cir. 2010) (quoting *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.,* 372 F.3d 572, 586 (3d Cir. 2004) (second alteration in original)).

Plaintiff has not alleged facts sufficient to state a § 1983 claim against Hicks or Logan in their individual capacities, and the claims will be dismissed without prejudice.

III. CONCLUSION

For the reasons stated above, the Court: (1) grants Plaintiff's IFP application; (2) dismisses the claims against the New Jersey Department of Corrections and the remaining defendants in their official capacities with prejudice; (3) dismisses the claims against Marcus Hicks and Logan in their individual capacities without prejudice. The remainder of the complaint may proceed. An appropriate order follows.

DATE: <u>January 6, 2020</u>

<u>s/Renée Marie Bumb</u>
RENÉE MARIE BUMB
United States District Judge