NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

OMAR SHEPPERSON,

        Plaintiff

v.

SGT. E. HERNANDEZ, *et al.*,

        Defendants

CIV. NO. 19-19305 (RMB)

**OPINION**

Omar Shepperson,
South Woods State Prison
215 South Burlington Road
Bridgeton, NJ 08302
    Plaintiff, *pro se*

Matthew John Lynch, Esq.
State of New Jersey
Office of the Attorney General
Division of Law
25 Market Street
P.O. Box 112
Trenton, NJ 08625
    Attorney for Defendant E. Hernandez

**BUMB**, United States District Judge

    This matter comes before the Court upon Defendant E. Hernandez's ("Hernandez") unopposed motion to dismiss the complaint (Mot. to Dismiss, Dkt. No. 10; Def's Brief, Dkt. No. 10-1).[1] This Court will decide the motion on the briefs without an

---

[1] Deputy Attorney General Matthew Lynch appears on behalf of Defendant E. Hernandez (Not. of Mot., Dkt. No. 10 at 1) and has not entered an appearance or waived service on behalf of the John

oral hearing, pursuant to Federal Rule of Civil Procedure 78(b). For the reasons discussed below, the Court will grant in part and deny in part Hernandez's motion to dismiss.

I. BACKGROUND

A. Procedural History

Plaintiff Omar Shepperson is a prisoner at South Woods State Prison who initiated this prisoner civil rights action by filing a complaint on October 24, 2019, alleging primarily Eighth Amendment claims of excessive force arising from an incident that occurred in Northern State Prison in April 2018. The Court granted Plaintiff's IFP application under 28 U.S.C. § 1915(a) and screened the complaint for dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(b), 1915A(b) and 42 U.S.C. § 1997e(c)(1). On January 6, 2020, the Court: (1) dismissed with prejudice the § 1983 claims against the New Jersey Department of Corrections and the remaining defendants in their official capacities based on Eleventh Amendment immunity; (2) dismissed without prejudice the § 1983 claims against Marcus Hicks and Logan in their individual capacities; and (3) permitted the remaining claims in the complaint to proceed. Defendant Hernandez filed an unopposed motion to dismiss on October 15, 2020.

---

Doe Defendants. Therefore, the Court addresses only the claims against E. Hernandez for dismissal under Federal Rule of Civil Procedure 12(b)(6). The Court will, however, *sua sponte* address the fair trial claim against all defendants pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915(A)(b)(1) and 42 U.S.C. § 1997e(c)(1).

B.  The Complaint

Plaintiff alleges the following facts in his complaint. On April 15, 2018, Plaintiff was confined in Northern State Prison. Plaintiff was granted permission from Officer John Doe #1 to speak to the unit nurse about the side effects from his medication. While Plaintiff was speaking to the nurse, Hernandez approached and shoved Plaintiff and began verbally berating him. An emergency code was called and John Doe #1 pepper sprayed and physically assaulted Plaintiff. Hernandez then slammed Plaintiff on the ground. Plaintiff was handcuffed and removed from the area, where he was physically assaulted by the Defendant John Doe Nos. 2-5. Plaintiff was taken by ambulance to a hospital and a CT scan of his head was negative, but he suffered neck pain, eye pain and dizziness. Several days later, Plaintiff was diagnosed with a concussion and required further treatment for an eye injury. Disciplinary charges were brought against Plaintiff and heard by two discipline hearing officers ("DHO") but one ("DHO") was removed from the case. Plaintiff believes the DHO was removed because she would have exonerated him. Plaintiff alleges he was in solitary confinement for more than one month.

II. MOTION TO DISMISS

Hernandez raises the following issues in his motion to dismiss: (1) the State Defendants in their official capacities are

not "persons" amenable to suit under 42 U.S.C. § 1983; (2) the § 1983 claims against the State Defendants in their official capacities are barred by the Eleventh Amendment; (3) Plaintiff fails to state an excessive force claim under the Eighth Amendment; (4) Plaintiff fails to state a fair trial claim; (5) Sergeant Hernandez is entitled to qualified immunity; (6) Plaintiff's request for punitive damages is unsupported.

III. DISCUSSION

A. Standard of Law

The standard for dismissal of a prisoner's claim regarding prison conditions for failure to state a claim under 42 U.S.C. 1997e(c)(1), and a prisoner's claim against a government official or entity under 28 U.S.C. § 1915A(b)(1), and for any litigant proceeding *in forma pauperis* under 28 U.S.C. § 1915(e)(2)(B), is the same standard as for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Shane v. Fauver, 213 F.3d 113 (3d Cir. 2000) (discussing claims under 42 U.S.C. § 1997e; Byrd v. Shannon, 715 F.3d 117, 126 (3d Cir. 2013) (discussing *sua sponte* dismissal of prisoner claims). In reviewing the sufficiency of a claim under Federal Rule of Civil Procedure 12(b)(6), courts must first identify the legal elements required to state a cognizable claim. Argueta v. U.S. Immigration and Customs Enforcement, 643 F.3d 60, 74 (3d Cir. 2011) (citing Ashcroft v. Iqbal, 556 U.S.

662, 679 (2009); Santiago v. Warminster Twp., 629 F.3d 121, 129-30 (3d Cir. 2010).

Second, courts should identify allegations that are no more than conclusions that are not entitled to an assumption of truth. Argueta, 643 F.3d at 74; Connelly v. Lane Const. Corp., 809 F.3d 780, 789 (3d Cir. 2016). Under Twombly and Iqbal, "even outlandish allegations" are entitled to a presumption of truth unless they are merely "formulaic recitations of the elements of a … claim." Id. (citing Iqbal, 556 U.S. at 681.) "[T]he clearest indication that an allegation is conclusory and unworthy of weight in analyzing the sufficiency of a complaint is that it embodies a legal point." Connelly, 809 F.3d at 790 (citing Peñalbert-Rosa v. Fortuño-Burset, 631 F.3d 592, 595 (1st Cir. 2011) (citation and internal quotation marks omitted).

Third, courts must determine whether the "well-pleaded factual allegations plausibly give rise to an entitlement to relief." Argueta, 643 F.3d at 74 (citations omitted.) The plausibility requirement "'is not akin to a 'probability requirement.'" Id. (quoting Iqbal, 129 S. Ct. at 1949.) The plausibility requirement requires a pleading to show "'more than a sheer possibility that a defendant has acted unlawfully.'" Connelly, 809 F.3d at 786 (citing Iqbal, 556 U.S. at 678)). Allegations that are "merely consistent with a defendant's liability" … are not enough. Santiago, 629 F.3d at 133 (quoting

Iqbal, 129 S. Ct. at 1949-50 (internal quotation marks omitted)). Where there is an allegation consistent with a defendant's liability but there is an "obvious alternative explanation," the inference of the defendant's liability is not plausible. Id.

A plaintiff has the burden of pleading sufficient "factual matter" but not to plead "specific facts." Schuchardt v. President of the United States, 839 F.3d 336, 347 (3d Cir. 2016) (quoting Boykin v. KeyCorp, 521 F.3d 202, 215 (2d Cir. 2008) (quoting Twombly, 550 U.S. at 569; Erickson v. Pardus, 551 U.S. 89, 93 (2007)). "Implicit in the notion that a plaintiff need not plead 'specific facts' to survive a motion to dismiss is that courts cannot inject evidentiary issues into the plausibility determination." Schuchardt, 839 F.3d at 347 (citation omitted). A court may not dismiss a complaint based on the court's "assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." Id. (quoting Twombly, 550 U.S. at 573.) On a Rule 12(b)(6) motion to dismiss, courts must accept the Plaintiff's allegations as true "with the important caveat that the presumption of truth attaches only to those allegations for which there is sufficient "factual matter" to render them "plausible on [their] face." Id. at 353 (quoting Iqbal, 556 U.S. at 679).

B. The Court previously dismissed the § 1983 official capacity claims

After Plaintiff filed his complaint, the Court screened Plaintiff's claims for dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1). The Court *sua sponte* dismissed the § 1983 claims against the New Jersey Department of Corrections and the remaining defendants in their official capacities based on Eleventh Amendment immunity. (Opinion, Dkt. No. 2; Order, Dkt. No. 3.) Because Plaintiff did not specifically request prospective injunctive relief for a continuing violation of federal law, the Court dismissed the claims with prejudice. See Green v. Mansour, 474 U.S. 64, 68, 106 S. Ct. 423, 426, 88 L. Ed. 2d 371 (1985) (citing Ex Parte Young, 209 U.S. 123, 155-156, 159 (1908) (holding that the Eleventh Amendment does not prevent federal courts from granting prospective injunctive relief to prevent a continuing violation of federal law.)) Hernandez's motion to dismiss the official capacity claims is denied as moot.

C. Plaintiff alleged an Eighth Amendment excessive force claim against Hernandez in his individual capacity

For a prisoner to state an Eighth Amendment excessive force claim he or she must allege "an objective and subjective component." Gibson v. Flemming, 837 F. App'x 860, 862 (3d Cir. 2020) (citing Hudson v. McMillian, 503 U.S. 1, 8 (1992)). For the objective component, even a "de minimis" use of force could be

"constitutionally significant" where the force is "repugnant to the conscience of mankind" Brooks v. Kyler, 204 F.3d 102, 107 (3d Cir. 2000) (quoting Hudson, 503 U.S. at 9-10.)) "Injury and force … are … imperfectly correlated, and it is the latter that ultimately counts." Wilkins v. Gaddy, 559 U.S. 34, 38 (2010). "In evaluating the subjective component of an excessive force claim, the Court should consider 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" Gibson, 837 F.3d App'x at 862 (quoting Ricks v. Shover, 891 F.3d 468, 480 (3d Cir. 2018) (citations omitted)). Answering this question involves consideration of the following factors:

> (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of the injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of facts known to them; and (5) any efforts made to temper the severity of the forceful response.

Id. (quoting Hudson, 503 U.S. at 8) (internal quotations omitted)).

Hernandez argues that Plaintiff's allegations fail to state an Eighth Amendment claim because his actions "could certainly have been thought necessary" to maintain order in a prison. (Def's Brief, Dkt. No. 10-1 at 13.) Plaintiff alleged that Hernandez shoved him and verbally berated him, and an emergency code was called, prompting John Doe #1 to spray Plaintiff in the face with

pepper spray. Plaintiff alleges Hernandez then slammed him to the floor and he was handcuffed, moved, and physically assaulted by John Doe Nos. 2-5 in another location. Plaintiff has also alleged that he suffered a concussion, neck pain, dizziness and eye injury. On a motion to dismiss, the Court must accept Plaintiff's allegations as true.[2] The allegations are sufficient to support a conclusion that Hernandez used force maliciously or sadistically and in a manner that is repugnant to the conscience of mankind. See Brooks, 204 F.3d 102, 107 (3d Cir. 2000) ("Hudson dictates that we must assess the degree of force employed in relation to the apparent need for it.") Thus, the Court turns to Hernandez's qualified immunity defense.

   D.   Hernandez is entitled to qualified immunity at this stage of the proceedings

In support of the qualified immunity defense, Hernandez argues that Plaintiff has not alleged an Eighth Amendment violation, and even if he has, there is no clearly established

---

[2] The Court assumes that Plaintiff—under pain of this Court's inherent power to address baseless allegations—has complied with Federal Rule of Civil Procedure 11's requirement that factual contentions have evidentiary support and are brought in good faith. Fed. R. Civ. P. at 11(b)(3). During the course of the litigation, if it becomes evident that he did not in fact have a good faith belief that his factual contentions had evidentiary support, the Court will not hesitate to consider the full range of appropriate sanctions, up to and including filing preclusion. Fed. R. Civ. P. 11(c).

federal law indicating "a simple shove in the shoulder and tackling to the ground constitutes excessive force and is cruel and unusual." (Def's Brief, Dkt. No. 10 at 13, 17.) "Under the … defense of qualified immunity, a state officer is shielded from a suit for monetary damages under § 1983 unless 'the official violated a ... constitutional right,' and 'the right was clearly established at the time of the challenged conduct.'" Weimer v. Cty. of Fayette, Pennsylvania, 972 F.3d 177, 190 (3d Cir. 2020) (quoting Ashcroft v. al-Kidd, 563 U.S. 731, 735 (2011) (internal quotation marks and citation omitted).

The Court has determined that Plaintiff alleged a cognizable Eighth Amendment excessive force claim, and thus turns to whether the plaintiff had a "clearly established right at the time of the alleged conduct."

The Third Circuit recently explained that

> "[A] defendant cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that [s]he was violating it." *Plumhoff v. Rickard*, 572 U.S. 765, 778-79, 134 S.Ct. 2012, 188 L.Ed.2d 1056 (2014). That is, the legal rule must have been "dictated by controlling authority or a robust consensus of cases of persuasive authority." *District of Columbia v. Wesby*, --- U.S. ----, 138 S. Ct. 577, 589-90, 199 L.Ed.2d 453 (2018) (internal quotation marks and citation omitted). The Supreme Court has repeatedly emphasized that "clearly established law should not be defined at a high level of generality." *White v. Pauly*, --- U.S. ----,

> 137 S. Ct. 548, 552, 196 L.Ed.2d 463 (2017) (per curiam) (internal quotation marks omitted). "A rule is too general if the unlawfulness of the [official's] conduct does not follow immediately from the conclusion that the rule was firmly established." *Wesby*, 138 S. Ct. at 590 (alteration, internal quotation marks, and citation omitted).

Weimer v. Cty. of Fayette, Pennsylvania, 972 F.3d 177, 190 (3d Cir. 2020).

Approximately eight years before Hernandez's alleged use of excessive force against Plaintiff, the Supreme Court, in 2010, held that a prisoner need not allege a significant injury to state an Eighth Amendment claim. Wilkins v. Gaddy, 559 U.S. 34, 39-40 (2010). Instead, the Court explained the Eighth Amendment inquiry as follows:

> The "core judicial inquiry," we held, was not whether a certain quantum of injury was sustained, but rather "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." 503 U.S. at 7, 112 S.Ct. 995; see also *Whitley v. Albers,* 475 U.S. 312, 319–321, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). "When prison officials maliciously and sadistically use force to cause harm," the Court recognized, "contemporary standards of decency always are violated ... whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." *Hudson,* 503 U.S. at 9, 112 S.Ct. 995; see also *id*., at 13–14, 112 S.Ct. 995 (Blackmun, J., concurring in judgment) ("The Court today appropriately puts to rest a seriously misguided view that pain inflicted by an excessive use of force is actionable

> under the Eighth Amendment only when coupled
> with 'significant injury,' *e.g.,* injury that
> requires medical attention or leaves permanent
> marks").

Wilkins, 559 U.S. at 37.

The Supreme Court, in Hudson and Wilkins, has clearly established that '[i]n an excessive force claim, the central question is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" Brooks, 204 F.3d at 106 (quoting Hudson, 503 U.S. at 7). Here, Plaintiff alleges there was no reason for Hernandez to slam him to the ground because he was simply speaking with a nurse when Hernandez began harassing him and John Doe #1 sprayed his face with pepper spray. At the motion to dismiss stage, the Court must accept Plaintiff's plausible allegations as true, therefore, Hernandez was on notice based on the clearly established right to be free from being "slammed" to the floor without any need to maintain or restore discipline. The Court will deny Hernandez's motion to dismiss the excessive force claim based on qualified immunity.

### E. Plaintiff failed to allege a cognizable "fair trial" claim against any defendant

Hernandez construed the complaint to raise a § 1983 claim against him for denying Plaintiff a fair trial. (Def's Brief, Dkt. No. 10-1 at 14, citing Compl. ¶ 24). This claim was presumably based on Plaintiff's allegation that he was adjudicated guilty at

a disciplinary hearing heard by two different hearing officers. (Def's Brief, Dkt. No. 10-1 at 14.) The Court did not initially construe this as a § 1983 claim, but agrees that Plaintiff fails to state a claim against Hernandez or any other defendant for depriving him of a fair disciplinary proceeding.

"Prisoners may be entitled to minimal due process guarantees in connection with a prison disciplinary hearing that results in loss of good conduct time or other sanctions that pose an atypical and significant hardship in relation to the ordinary incidents of prison life. Wolff v. McDonnell, 418 U.S. 539, 558 (1974) (finding a due process liberty interest where "prisoners … can only lose good-time credits if they are guilty of serious misconduct, the determination of whether such behavior has occurred becomes critical, and the minimum requirements of procedural due process appropriate for the circumstances must be observed"); Sandin v. Conner, 515 U.S. 472, 486 (1995) ("discipline in segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest"); see Asquith v. Dep't of Corr., 186 F.3d 407, 412 (3d Cir. 1999) (quoting Griffin v. Vaughn, 112 F.3d 703, 706 & n. 2 (3d Cir. 1997) (additional citations omitted) ("[T]he baseline for determining what is 'atypical and significant'—the 'ordinary incidents of prison life'—is ascertained by what a sentenced inmate

may reasonably expect to encounter as a result of his or her conviction in accordance with due process of law.")

Plaintiff alleges he was in solitary confinement for more than a month, presumably as a sanction for a prison rule infraction, but this alone is insufficient to establish a protected liberty interest in procedural due process. Sandin, 515 U.S. at 486. Furthermore, even if Plaintiff were entitled to the due process protections described in Wolff, including an impartial hearing officer, Plaintiff alleges solely that "on information and belief" a DHO was removed from his case because she would have exonerated him. (Compl., ¶18, Dkt. No. 1.) Plaintiff does not allege that the DHO who found him guilty was not impartial, nor does he allege any basis for his belief that Hernandez or any other defendant caused the DHO's removal to ensure that he was found guilty. Therefore, the Court will grant Hernandez's motion to dismiss the fair trial claim, construed as a Fourteenth Amendment due process claim, and dismiss the claim without prejudice. The Court will *sua sponte* dismiss the Fourteenth Amendment due process claim against the remaining defendants pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1).

F. Plaintiff's Request for Punitive Damages

Without reference to any state law pleading requirement for punitive damages, Hernandez seeks to have Plaintiff's request for punitive damages dismissed. The issue of damages is not ripe, and

the Court will deny the motion to dismiss the claim for punitive damages without prejudice. See generally, BMW of N. Am., Inc. v. Gore, 517 U.S. 559, 568, 116 S. Ct. 1589, 1595, 134 L. Ed. 2d 809 (1996) ("Punitive damages may properly be imposed to further a State's legitimate interests in punishing unlawful conduct and deterring its repetition") (citations omitted)).

IV. CONCLUSION

For the reasons discussed above, the Court will grant in part and deny in part Hernandez's motion to dismiss, and *sua sponte* dismiss the Fourteenth Amendment Due Process Claims against the remaining defendants.

An appropriate Order follows.

Date: **May 25, 2021**

　　　　　　　　　　　　　　　　s/Renée Marie Bumb
　　　　　　　　　　　　　　　　**RENÉE MARIE BUMB**
　　　　　　　　　　　　　　　　**United States District Judge**